# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SARA AND JOSEPH HARMON,

       Plaintiffs,

                             CASE NO. 18-CV-209-JPS

v.

CITY OF RACINE, SGT. RYAN
COMSTOCK, INV. CHAD STILLMAN,
INV. DONALD NUTTALL,
SGT. ROBERT THILLEMANN,
in their individual capacities,

       Defendants.

---

## DEFENDANT RYAN COMSTOCK'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT

---

Defendant Ryan Comstock ("Comstock"), by and through his attorneys, the City Attorney's Office for the City of Racine and Meissner Tierney Fisher & Nichols S.C., for his Answer and Affirmative and Other Defenses to the Plaintiffs' Sara and Joseph Harmon (the "Plaintiffs") First Amended Complaint (ECF No. 28), alleges and states as follows:

### I.     NATURE OF ACTION

To the extent the statements contained in this section of Plaintiffs' First Amended Complaint are a narrative, call for a legal conclusion, are not directed at Comstock, or are not actually allegations, no response is necessary. To the extent a response is necessary from Comstock, Comstock ADMITS that the Plaintiffs seek the relief stated in this section of their First Amended Complaint, but denies that the Plaintiffs are entitled to any of the relief they seek from any of the Defendants, including but not limited to any relief they seek from Comstock.

1

## II.     JURISDICTION AND VENUE

### A.     Jurisdiction

201. To the extent the allegations contained in Paragraph 201 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at Comstock, no response is necessary. To the extent a response is necessary from Comstock, Comstock ADMITS that this Court has subject-matter jurisdiction over those parts of the Plaintiffs' First Amended Complaint that assert claims against him, subject to the Affirmative and Other Defenses raised in the Defendants' respective Answers that may potentially challenge this Court's subject-matter jurisdiction over some or all of the claims in this case, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 201 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

### B.     Venue

202. To the extent the allegations contained in Paragraph 202 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at Comstock, no response is necessary. To the extent a response is necessary from Comstock, Comstock ADMITS that venue as it relates to the claims Plaintiffs assert against Comstock is proper in the Eastern District of Wisconsin because the Plaintiffs' claims asserted against him arose within the geographical boundaries of that federal judicial district, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 202 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## III. THE PARTIES

### A. Plaintiff

301. To the extent any of the allegations contained in the first Paragraph 301 of Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary from Comstock, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first Paragraph 301 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

### B. Defendants

301. To the extent any of the allegations contained in the second Paragraph 301 of Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Comstock ADMITS that the City of Racine is a Wisconsin unit of local government with the capacity to be sued in the United States District Court for the Eastern District of Wisconsin and that City Hall is located at 730 Washington Avenue, Racine, Wisconsin. To the extent any allegations contained in the second Paragraph 301 remain unresponded to, Comstock DENIES those remaining allegations.

302. To the extent any of the allegations contained in Paragraph 302 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Comstock ADMITS the allegations contained in Paragraph 302 of the Plaintiffs' First Amended Complaint.

303. To the extent the allegations contained in Paragraph 303 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response

3

is necessary, Comstock ADMITS the allegations contained in Paragraph 303 of the Plaintiffs' First Amended Complaint.

304. To the extent the allegations contained in Paragraph 304 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Comstock ADMITS the allegations contained in Paragraph 304 of the Plaintiffs' First Amended Complaint.

305. To the extent the allegations contained in Paragraph 305 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Comstock ADMITS the allegations contained in Paragraph 305 of the Plaintiffs' First Amended Complaint.

## IV.    ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.    To the extent the allegations in Paragraph 401 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 401 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock ADMITS  that an affidavit for a search warrant was filed which involved Jordan Harmon and a shots fired incident, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 401 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

402.    To the extent the allegations in Paragraph 402 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 402 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge

4

or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 402 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

403.     To the extent the allegations in Paragraph 403 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 403 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 403 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

404.     To the extent the allegations in Paragraph 404 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 404 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 404 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

405.     To the extent the allegations in Paragraph 405 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 405 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 405 of the Plaintiffs'

First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

406.    To the extent the allegations in Paragraph 406 of the Plaintiffs' First Amended Complaint are not directed at Comstock or call for a legal conclusion, no response is required of him.  To the extent the allegations in Paragraph 406 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 406 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

407.    To the extent the allegations in Paragraph 407 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 407 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 407 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

408.    To the extent the allegations in Paragraph 408 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 408 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 408 of the Plaintiffs' First Amended Complaint—including but not limited to all subparts of those allegations—and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

409.    To the extent the allegations in Paragraph 409 of the Plaintiffs' First Amended Complaint are not directed at Comstock or call for a conclusion of law, no response is required of him.  To the extent the allegations in Paragraph 409 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 409 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

410.    To the extent the allegations in Paragraph 410 of the Plaintiffs' First Amended Complaint are not directed at Comstock or call for a legal conclusion, no response is required of him.  To the extent the allegations in Paragraph 410 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 410 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

411.    Responding to Paragraph 411 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that Chad Stillman ("Stillman") was part of the team that conducted the briefing regarding the search warrant, but DENIES the allegations contained in Paragraph 411 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Stillman was the only individual to conduct the briefing or provide information during it.

412.    Responding to Paragraph 412 of the Plaintiffs' First Amended Complaint, Comstock DENIES the allegations contained in Paragraph 412 of the Plaintiffs' First Amended Complaint because he cannot recall whether Stillman specifically mentioned that there may be a

large dog in the home, and because there was conflicting information at the time of the briefing regarding whether there would be a dog in the home during the warrant execution.

413.    Comstock ADMITS the allegations contained in Paragraph 413 of the Plaintiffs' First Amended Complaint.

414.    Responding to the allegations contained in Paragraph 414 of the Plaintiffs' First Amended Complaint, Comstock DENIES that Stillman or Donald Nuttall could have intervened in any way to prevent the shooting of the dog.  Further responding, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 414 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

415.    Comstock ADMITS the allegations contained in Paragraph 415 of the Plaintiffs' First Amended Complaint.

416.    Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 416 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

417.    Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 417 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

418.    Comstock ADMITS the allegations contained in Paragraph 418 of the Plaintiffs' First Amended Complaint.

419.    Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 419 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

420.    Comstock ADMITS the allegations contained in Paragraph 420 of the Plaintiffs' First Amended Complaint.

421.    Responding to Paragraph 421 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that he was armed with an M4 rifle issued to him by the City of Racine Police Department, but DENIES the remainder of the allegations contained in Paragraph 421 of the Plaintiffs' First Amended Complaint.

422.    Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 422 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

423.    Comstock ADMITS the allegations contained in Paragraph 423 of the Plaintiffs' First Amended Complaint.

424.    Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 424 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

425.    Comstock ADMITS the allegations contained in Paragraph 425 of the Plaintiffs' First Amended Complaint.

426.    Comstock ADMITS the allegations contained in Paragraph 426 of the Plaintiffs' First Amended Complaint.

427.    Responding to Paragraph 427 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that he did not shut the door to the bedroom, but DENIES the remainder of the allegations in Paragraph 427 of the Plaintiffs' First Amended Complaint, including any part of Paragraph 427 of the Plaintiffs' First Amended Complaint that suggests Comstock acted

9

unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

428.     Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 428 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

429.     Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 429 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

430.     Responding to Paragraph 430 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that he fired three shots at the dog using his M4 rifle, but DENIES the remainder of the allegations contained in Paragraph 430 of the Plaintiffs' First Amended Complaint, including any part of Paragraph 430 of the Plaintiffs' First Amended Complaint that alleges or suggests Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

431.     Responding to Paragraph 431 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that he fired three shots at the dog, but DENIES the remainder of the allegations contained in Paragraph 431 of the Plaintiffs' First Amended Complaint.  Further responding, Comstock DENIES the allegations contained in Paragraph 431 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

432.     Responding to Paragraph 432 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that the dog did not bark, but DENIES the remainder of the allegations

contained in Paragraph 432 of the Plaintiffs' First Amended Complaint. Further responding, Comstock DENIES the allegations contained in Paragraph 432 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

433.     Responding to Paragraph 433 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that the dog jumped onto the bed, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 433 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

434.     Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 434 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

435.     Responding to Paragraph 435 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that he fired a fourth shot at the dog, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 435 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon. Further responding, Comstock DENIES the allegations contained in Paragraph 435 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

436.     Responding to Paragraph 436 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that he fired a fifth shot at the dog in a humanitarian effort to end the animal's potential suffering, but is without sufficient knowledge or information to form a belief as to the

truth or falsity of the remainder of the allegations contained in Paragraph 436 of the Plaintiffs'
First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict
proof thereon.  Further responding, Comstock DENIES the allegations contained in Paragraph 436
of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Comstock acted
unreasonably or unlawfully in any way, including but not limited to any allegation that he violated
the Fourth Amendment.

438.     Comstock DENIES the allegations contained in Paragraph 437 of the Plaintiffs'
First Amended Complaint.

438.     Comstock is without sufficient knowledge or information to form a belief as to the
truth or falsity of the allegations in Paragraph 438 of the Plaintiffs' First Amended Complaint and
therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

439.     Comstock is without sufficient knowledge or information to form a belief as to the
truth or falsity of the allegations in Paragraph 439 of the Plaintiffs' First Amended Complaint and
therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

440.     Comstock ADMITS the allegations contained in Paragraph 440 of the Plaintiffs'
First Amended Complaint.

441.     Comstock ADMITS the allegations contained in Paragraph 441 of the Plaintiffs'
First Amended Complaint.

442.     Comstock ADMITS the allegations contained in Paragraph 442 of the Plaintiffs'
First Amended Complaint.

443.     To the extent the allegations contained in Paragraph 443 of the Plaintiffs' First
Amended Complaint are not directed towards Comstock, no response is required from him.  To
the extent a response is required of Comstock to the allegations contained in Paragraph 443 of the

Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 443 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

444. To the extent the allegations in Paragraph 444 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 444 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 444 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

445. To the extent the allegations in Paragraph 445 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 445 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 445 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

446. To the extent the allegations in Paragraph 446 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 446 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 446 of the Plaintiffs'

First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon. Further responding, Comstock affirmatively states that while he has never seen any report from Sgt. Bebow related to the shooting of the Plaintiffs' dog, it is his understanding that it was concluded Comstock did not act unreasonably or unlawfully in any way when he shot Plaintiffs' dog. Further responding, Comstock DENIES the allegations contained in Paragraph 446 to the extent that they allege or suggest any determination made related to Comstock's shooting of the Plaintiffs' dog was made based upon the events as alleged by Plaintiffs in their First Amended Complaint.

447. To the extent the allegations contained in Paragraph 447 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 447 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 447 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

448. To the extent the allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

449. To the extent the allegations contained in Paragraph 449 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 449 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 449 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

450. To the extent the allegations in Paragraph 450 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 450 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 450 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

451. To the extent the allegations in Paragraph 451 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 451 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 451 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

452. To the extent the allegations in Paragraph 452 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the

allegations in Paragraph 452 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 452 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

453.    To the extent the allegations in Paragraph 453 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 453 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 453 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

454.    To the extent the allegations in Paragraph 454 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 454 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 454 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

455.    To the extent the allegations in Paragraph 455 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 455 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form

a belief as to the truth or falsity of the allegations contained in Paragraph 455 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

456.    To the extent the allegations in Paragraph 456 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 456 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 456 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

457.    To the extent the allegations in Paragraph 457 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 457 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 457 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

458.    To the extent the allegations in Paragraph 458 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 458 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 458 of the Plaintiffs'

First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

459. To the extent the allegations in Paragraph 459 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 459 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 459 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

460. To the extent the allegations in Paragraph 460 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 460 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 460 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

461. To the extent the allegations in Paragraph 461 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 461 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 461 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

462.     To the extent the allegations in Paragraph 462 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 462 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 462 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

463.     To the extent the allegations in Paragraph 463 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 463 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 463 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

464.     To the extent the allegations in Paragraph 464 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 464 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 464 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

465.     To the extent the allegations in Paragraph 465 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the

allegations in Paragraph 465 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 465 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

466.     To the extent the allegations in Paragraph 466 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 466 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 466 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

467.     To the extent the allegations in Paragraph 467 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 467 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 467 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

468.     To the extent the allegations contained in Paragraph 468 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him.  To the extent a response is required of Comstock to the allegations contained in Paragraph 468 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge

or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 468 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

469.     To the extent the allegations contained in Paragraph 469 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him.  To the extent a response is required of Comstock to the allegations contained in Paragraph 469 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 469 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

470.     To the extent the allegations in Paragraph 470 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 470 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock ADMITS that in November of 2014, members of the City of Racine Police Department shot a dog during a standoff which started as a result of a neighbor dispute, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 470 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

471.     To the extent the allegations in Paragraph 471 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 471 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock ADMITS that the URL stated in Paragraph 471 of the Plaintiffs' First Amended Complaint leads to a Youtube video, but Comstock is without sufficient

knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 471 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

472.    To the extent the allegations in Paragraph 472 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 472 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock ADMITS the allegations contained in Paragraph 472 of the Plaintiffs' First Amended Complaint.

473.    To the extent the allegations in Paragraph 473 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 473 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 473 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

474.    To the extent the allegations in Paragraph 474 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him.  To the extent the allegations in Paragraph 474 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 474 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

475. To the extent the allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

476. To the extent the allegations in Paragraph 476 of the Plaintiffs' First Amended Complaint are not directed at Comstock, no response is required of him. To the extent the allegations in Paragraph 476 are directed at Comstock or a response is otherwise required from Comstock to those allegations, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 476 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

477. Responding to Paragraph 477 of the Plaintiffs' First Amended Complaint, Comstock ADMITS that he shot a dog in October of 2015 during the execution of a search warrant, but DENIES the remainder of the allegations contained in Paragraph 477 of the Plaintiffs' First Amended Complaint. Further responding, Comstock DENIES the allegations contained in Paragraph 477 of the Plaintiffs' First Amended Complaint to the extent that they allege or suggest that he acted unreasonable or unlawfully in anyway, including but not limited to any allegation that he violated the Fourth Amendment.

478. To the extent the allegations contained in Paragraph 478 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response

is required from him. To the extent a response is required of Comstock to any of the allegations contained in Paragraph 478 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 478 of the Plaintiffs' First Amended Complaint—including Paragraph 478, 478.a., and 478.b.—and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

479. To the extent the allegations contained in Paragraph 479 of the Plaintiffs' First Amended Complaint are not directed towards Comstock or call for a legal conlcusion, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 479 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 479 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## V.    VIOLATIONS OF LAW

### A.    Fourth and Fourteenth Amendments

501. Comstock DENIES the allegations contained in Paragraph 501 of the Plaintiffs' First Amended Complaint.

502. To the extent the allegations contained in Paragraph 502 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. For those allegations in Paragraph 502 of the Plaintiffs' First Amended Complaint that are directed towards him or to the extent a response is otherwise required of Comstock to the allegations contained in Paragraph 502 of the Plaintiffs' First Amended Complaint, he DENIES the allegations in Paragraph 502 of the Plaintiffs' First Amended Complaint. Further responding, Comstock DENIES that he acted  or otherwise unlawfully in any

manner or that he was the cause of any of the acts, potential injuries, or potential damages complained of by Plaintiffs in their First Amended Complaint. Further responding, Comstock is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 502 of the First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

503. To the extent the allegations contained in Paragraph 503 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 503 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 503 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

504. To the extent the allegations contained in the first Paragraph 504 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in the first Paragraph 504 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first Paragraph 504 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

**B.    Municipal Liability**

1.    Based on Statutory Indemnification

504. To the extent the allegations contained in the second Paragraph 504 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards

Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in the second Paragraph 504 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 504 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

2.  Based on Unlawful Municipal Custom or Policy

505.  To the extent the allegations contained in Paragraph 505 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 505 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 505 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

506.  To the extent the allegations contained in Paragraph 506 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 506 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 506 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

507.  To the extent the allegations contained in Paragraph 507 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained

in Paragraph 507 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 507 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## VI. DAMAGES AND EQUITY

### A. Damages

601. Comstock DENIES the allegations contained in Paragraph 601 of the Plaintiffs' First Amended Complaint.

602. Comstock DENIES the allegations contained in Paragraph 602 of the Plaintiffs' First Amended Complaint.

### B. Equity.

603. Comstock DENIES the allegations contained in Paragraph 603 of the Plaintiffs' First Amended Complaint.

## VII. CONDITIONS PRECEDENT

701. To the extent the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Comstock, no response is required from him. To the extent a response is required of Comstock to the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## VIII.   DEMAND FOR JURY TRIAL

702.   To the extent a response is necessary to Paragraph 702 of the Plaintiffs' First Amended Complaint, Comstock ADMITS, based on the Plaintiffs' statement in their First Amended Complaint, that the Plaintiffs have demanded a trial by jury of all issues triable of right to a jury.

## IX.   PRAYER FOR RELIEF

801.   To the extent that a response is necessary, Comstock DENIES Paragraph 801 of the Plaintiffs' First Amended Complaint.

802.   To the extent that a response is necessary, Comstock DENIES Paragraph 802 of the Plaintiffs' First Amended Complaint.

803.    To the extent that a response is necessary, Comstock DENIES Paragraph 803 of the Plaintiffs' First Amended Complaint.

804.   To the extent that a response is necessary, Comstock DENIES Paragraph 804 of the Plaintiffs' First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Ryan Comstock ("Comstock"), for his affirmative and other defenses to the Plaintiffs' First Amended Complaint states as follows:

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted against Comstock.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock because one or more of the Plaintiffs lack standing to bring some of their claims against Comstock.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred in whole or in part against Comstock because Comstock is immune from liability under the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred in whole or in part against Comstock to the extent Comstock is immune from liability under the doctrine of discretionary immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock because the seizure of the dog was reasonable under the circumstances and therefore did not violate the Plaintiffs' rights under either the Fourth or Fourteenth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock because he did not use excessive force and therefore did not violate the Plaintiffs' rights under either the Fourth or Fourteenth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock to the extent they rely on Comstock's alleged use of excessive force and to the extent claims under the Fourth and Fourteenth Amendments cannot be sustained for an alleged use of excessive force against an animal.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock to the extent that Plaintiffs did not have a legitimate possessory interest in their unlicensed dog and therefore was not protected by the Fourth Amendment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock to the extent that the harms Plaintiffs allege and complain of were not caused by Comstock and/or were caused by third parties other than Comstock, to the extent they were caused at all.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock to the extent they are not yet ripe.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is or may be barred, in whole or in part, to the extent that Plaintiffs have not proven punitive damages with the appropriate burden of proof and/or to the extent that the award of punitive damages, if any, is disproportionate to the actual damages, if any, because either scenario would amount to a violation of the Fifth and Fourteenth Amendments.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock as a result of Plaintiffs' failure to take reasonable measures to mitigate, minimize or avoid damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Comstock by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

For the purposes of preservation only, Comstock asserts those defenses identified in Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12(b) to the extent Comstock becomes aware of facts demonstrating any of those defenses are available to it in addition to those Affirmative and Other Defenses already asserted herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Comstock reserves the right to raise other affirmative and other defenses as they become known during the course of litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Comstock incorporates by reference into these Affirmative and Other Defenses any Affirmative or Other defense asserted by any other Defendant in their respective Affirmative and Other Defenses that are applicable to Comstock and that are not otherwise already asserted herein.

WHEREFORE, Defendant Ryan Comstock ("Comstock") prays for judgment as follows:

1.      Judgment in favor of Comstock and against Plaintiffs dismissing their claims against Comstock and Comstock as a party from this case with prejudice;

2.      An award to Comstock of his attorneys' fees, costs and disbursements as allowable under law; and

3.      An award to Comstock of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Comstock hereby demands a trial by jury on all issues so triable.

Dated this 5th day of July, 2018.

MEISSNER TIERNEY FISHER & NICHOLS S.C.
By:    s/Michael J. Cohen
       Michael J. Cohen, Esq.
       State Bar No: 1017787
       mjc@mtfn.com
       Garrett A. Soberalski, Esq.
       State Bar No: 1088611
       gas@mtfn.com
       111 East Kilbourn Avenue, 19th Floor
       Milwaukee, WI 53202-6622
       Phone: (414) 273-1300
       Facsimile: (414) 273-5840

CITY ATTORNEY'S OFFICE, CITY OF RACINE
       Scott R. Letteney, City Attorney
       State Bar No: 1000559
       scott.letteney@cityofracine.org
       Nhu H. Arn, Assistant City Attorney
       State Bar No: 1068417
       nhu.arn@cityofracine.org
       730 Washington Avenue, Room 201
       Racine, WI 53403
       Phone: (262) 636-9115
       Facsimile: (262) 636-9570

**Attorneys for Defendants City of Racine, Sgt. Ryan Comstock, Inv. Chad Stillman, Inv. Donald Nuttall, Sgt. Robert Thillemann, in their individual capacities.**