## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SARA AND JOSEPH HARMON,

      Plaintiffs,

                                        CASE NO. 18-CV-209-JPS

v.

CITY OF RACINE, SGT. RYAN
COMSTOCK, INV. CHAD STILLMAN,
INV. DONALD NUTTALL,
SGT. ROBERT THILLEMANN,
in their individual capacities,

      Defendants.

## DEFENDANT DONALD NUTTALL'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Donald Nuttall ("Nuttall"), by and through his attorneys, the City Attorney's Office for the City of Racine and Meissner Tierney Fisher & Nichols S.C., for his Answer and Affirmative and Other Defenses to the Plaintiffs' Sara and Joseph Harmon (the "Plaintiffs") First Amended Complaint (ECF No. 28), alleges and states as follows:

### I.      NATURE OF ACTION

To the extent the statements contained in this section of Plaintiffs' First Amended Complaint are a narrative, call for a legal conclusion, are not directed at Nuttall, or are not actually allegations, no response is necessary. To the extent a response is necessary from Nuttall, Nuttall admits that the Plaintiffs seek the relief stated in this section of their First Amended Complaint, but denies that the Plaintiffs are entitled to any of the relief they seek from any of the Defendants, including but not limited to any relief they seek from Nuttall.

1

## II.     JURISDICTION AND VENUE

### A.     Jurisdiction

201.     To the extent the allegations contained in Paragraph 201 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at Nuttall, no response is necessary. To the extent a response is necessary from Nuttall, Nuttall ADMITS that this Court has subject-matter jurisdiction over those parts of the Plaintiffs' First Amended Complaint that assert claims against him, subject to the Affirmative and Other Defenses raised in the Defendants' respective Answers that may potentially challenge this Court's subject-matter jurisdiction over some or all of the claims in this case, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 201 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

### B.     Venue

202.     To the extent the allegations contained in Paragraph 202 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at Nuttall, no response is necessary. To the extent a response is necessary from Nuttall, Nuttall admits that venue as it relates to the claims Plaintiffs assert against Nuttall is proper in the Eastern District of Wisconsin because the Plaintiffs' claims asserted against him arose within the geographical boundaries of that federal judicial district, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 202 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## III.    THE PARTIES

### A.    Plaintiff

301. To the extent any of the allegations contained in the first Paragraph 301 of Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary.  To the extent a response is necessary, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first Paragraph 301 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

### B.    Defendants

301.  To the extent any of the allegations contained in the second Paragraph 301 of Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Nuttall ADMITS that the City of Racine is a Wisconsin unit of local government with the capacity to be sued in the United States District Court for the Eastern District of Wisconsin and that City Hall is located at 730 Washington Avenue, Racine, Wisconsin. To the extent any allegations contained in the second Paragraph 301 remain unresponded to, Nuttall DENIES those remaining allegations.

302.  To the extent any of the allegations contained in Paragraph 302 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary.  To the extent a response is necessary, Nuttall ADMITS the allegations contained in Paragraph 302 of the Plaintiffs' First Amended Complaint.

303. To the extent the allegations contained in Paragraph 303 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response

3

is necessary, Nuttall ADMITS the allegations contained in Paragraph 303 of the Plaintiffs' First Amended Complaint.

304. To the extent the allegations contained in Paragraph 304 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Nuttall ADMITS the allegations contained in Paragraph 304 of the Plaintiffs' First Amended Complaint.

305. To the extent the allegations contained in Paragraph 305 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, Nuttall ADMITS the allegations contained in Paragraph 305 of the Plaintiffs' First Amended Complaint.

## IV.    ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.    To the extent the allegations in Paragraph 401 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 401 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall ADMITS that an affidavit for a search warrant was filed which involved Jordan Harmon and shots fired incident, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 401 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

402.    To the extent the allegations in Paragraph 402 of the Plaintiffs' First Amended Complaint are not directed at Nuttall or call for a legal conclusion, no response is required of him. To the extent the allegations in Paragraph 402 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information

4

to form a belief as to the truth or falsity of the allegations contained in Paragraph 402 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

403.    To the extent the allegations in Paragraph 403 of the Plaintiffs' First Amended Complaint are not directed at Nuttall or call for a legal conclusion, no response is required of him. To the extent the allegations in Paragraph 403 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 403 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

404.    To the extent the allegations in Paragraph 404 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 404 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 404 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

405.    To the extent the allegations in Paragraph 405 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 405 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 405 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

406.     To the extent the allegations in Paragraph 406 of the Plaintiffs' First Amended Complaint are not directed at Nuttall or call for a legal conclusion, no response is required of him. To the extent the allegations in Paragraph 406 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 406 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

407.     To the extent the allegations in Paragraph 407 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 407 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 407 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

408.     To the extent the allegations in Paragraph 408 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 408 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 408 of the Plaintiffs' First Amended Complaint—including but not limited to all subparts of those allegations—and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

409.     To the extent the allegations in Paragraph 409 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 409 are directed at Nuttall or a response is otherwise required from Nuttall to those

allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 409 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

410.   To the extent the allegations in Paragraph 410 of the Plaintiffs' First Amended Complaint are not directed at Nuttall or call for a legal conclusion, no response is required of him. To the extent the allegations in Paragraph 410 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 410 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

411.   Responding to Paragraph 411 of the Plaintiffs' First Amended Complaint, Nuttall ADMITS that Chad Stillman ("Stillman") was part of the team that conducted the briefing regarding the search warrant, but DENIES the allegations contained in Paragraph 411 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Stillman was the only individual to conduct the briefing or provide information during it.

412.   Nuttall DENIES the allegations contained in Paragraph 412 of the Plaintiffs' First Amended Complaint.

413.   Nuttall ADMITS the allegations contained in Paragraph 413 of the Plaintiffs' First Amended Complaint.

414.   To the extent the allegations in Paragraph 414 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 414 of the Plaintiffs' First Amended Complaint are directed at Nuttall or a response is otherwise required of him, Nuttall DENIES the allegations contained in Paragraph 414 of the

Plaintiffs' First Amended Complaint. Further responding, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of any allegation related to Stillman's knowledge, and therefore DENIES the same and puts the Plaintiffs to their strict proof thereon. Further responding, Nuttall DENIES the allegations in Paragraph 414 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Nuttall acted unreasonably or unlawfully in any way.

415. Nuttall ADMITS the allegations contained in Paragraph 415 of the Plaintiffs' First Amended Complaint.

416. Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 416 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

417. Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 417 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

418. Nuttall ADMITS the allegations contained in Paragraph 418 of the Plaintiffs' First Amended Complaint.

419. Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 419 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

420. Nuttall ADMITS the allegations contained in Paragraph 420 of the Plaintiffs' First Amended Complaint.

421. Responding to Paragraph 421 of the Plaintiffs' First Amended Complaint, Nuttall ADMITS that Ryan Comstock ("Comstock") was armed with an M4 rifle issued to Comstock by

the City of Racine Police Department, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 421 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts Plaintiffs to their strict proof thereon.

422.    Nuttall ADMITS the allegations contained in Paragraph 422 of the Plaintiffs' First Amended Complaint.

423.    Nuttall ADMITS the allegations contained in Paragraph 423 of the Plaintiffs' First Amended Complaint.

424.    Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 424 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

425.    To the extent the allegations in Paragraph 425 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 425 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 425 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

426.    To the extent the allegations in Paragraph 426 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 426 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 426 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

427.    To the extent the allegations in Paragraph 427 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 427 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 427 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

428.    To the extent the allegations in Paragraph 428 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 428 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 428 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

429.    To the extent the allegations in Paragraph 429 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 429 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 429 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

430.    To the extent the allegations in Paragraph 430 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 430 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth

Case 2:18-cv-00209-JPS   Filed 07/05/18   Page 10 of 33   Document 34

or falsity of the allegations contained in Paragraph 430 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

431.    To the extent the allegations in Paragraph 431 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 431 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 431 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

432.    To the extent the allegations in Paragraph 432 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 432 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 432 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

433.    Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 433 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

434.    Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 434 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

435.    To the extent the allegations in Paragraph 435 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 435 are directed at Nuttall or a response is otherwise required from Nuttall to those

allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 435 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

436. To the extent the allegations in Paragraph 436 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 436 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 436 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

437. To the extent the allegations in Paragraph 437 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 437 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 437 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

438. Nuttall DENIES the allegations contained in Paragraph 438 of the Plaintiffs' First Amended Complaint.

439. To the extent the allegations in Paragraph 439 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 439 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 439 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

440.     Nuttall ADMITS the allegations contained in Paragraph 440 of the Plaintiffs' First Amended Complaint.

441.     Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 441 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

442.     Nuttall ADMITS the allegations contained in Paragraph 442 of the Plaintiffs' First Amended Complaint.

443.     To the extent the allegations contained in Paragraph 443 of the Plaintiffs' First Amended Complaint are not directed towards Nuttall, no response is required from him.  To the extent a response is required of Nuttall to the allegations contained in Paragraph 443 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 443 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

444.     To the extent the allegations in Paragraph 444 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 444 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 444 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

445.     To the extent the allegations in Paragraph 445 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 445 are directed at Nuttall or a response is otherwise required from Nuttall to those

allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 445 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

446. To the extent the allegations in Paragraph 446 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 446 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 446 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

447. To the extent the allegations contained in Paragraph 447 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in Paragraph 447 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 447 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

448. To the extent the allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

449. To the extent the allegations contained in Paragraph 449 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in Paragraph 449 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 449 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

450. To the extent the allegations in Paragraph 450 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 450 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 450 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

451. To the extent the allegations in Paragraph 451 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 451 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 451 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

452. To the extent the allegations in Paragraph 452 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 452 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth

or falsity of the allegations contained in Paragraph 452 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

453. To the extent the allegations in Paragraph 453 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 453 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 453 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

454. To the extent the allegations in Paragraph 454 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 454 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 454 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

455. To the extent the allegations in Paragraph 455 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 455 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 455 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

456. To the extent the allegations in Paragraph 456 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 456 are directed at Nuttall or a response is otherwise required from Nuttall to those

allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 456 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

457.    To the extent the allegations in Paragraph 457 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 457 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 457 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

458.    To the extent the allegations in Paragraph 458 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 458 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 458 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

459.    To the extent the allegations in Paragraph 459 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 459 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 459 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

460.    To the extent the allegations in Paragraph 460 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations

in Paragraph 460 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 460 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

461.    To the extent the allegations in Paragraph 461 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 461 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 461 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

462.    To the extent the allegations in Paragraph 462 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 462 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 462 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

463.    To the extent the allegations in Paragraph 463 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 463 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 463 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

464. To the extent the allegations in Paragraph 464 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 464 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 464 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

465. To the extent the allegations in Paragraph 465 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 465 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 465 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

466. To the extent the allegations in Paragraph 466 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 466 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 466 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

467. To the extent the allegations in Paragraph 467 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 467 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth

or falsity of the allegations contained in Paragraph 467 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

468.     To the extent the allegations contained in Paragraph 468 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  To the extent a response is required of Nuttall to the allegations contained in Paragraph 468 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 468 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

469.     To the extent the allegations contained in Paragraph 469 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  To the extent a response is required of Nuttall to the allegations contained in Paragraph 469 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 469 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

470.     To the extent the allegations in Paragraph 470 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 470 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall ADMITS that members of the City of Racine Police Department shot a dog while investigating a neighbor dispute, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 470 of the

Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

471.    To the extent the allegations in Paragraph 471 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 471 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall ADMITS that the URL stated in Paragraph 471 of the Plaintiffs' First Amended Complaint leads to a Youtube video, but Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 471 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

472.    To the extent the allegations in Paragraph 472 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 472 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall ADMITS that the dog's name was Angel, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 472 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

473.    To the extent the allegations in Paragraph 473 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him.  To the extent the allegations in Paragraph 473 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 473 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

474.	To the extent the allegations in Paragraph 474 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 474 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 474 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

475.	To the extent the allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

476.	To the extent the allegations in Paragraph 476 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 476 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 476 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

477.	To the extent the allegations in Paragraph 477 of the Plaintiffs' First Amended Complaint are not directed at Nuttall, no response is required of him. To the extent the allegations in Paragraph 477 are directed at Nuttall or a response is otherwise required from Nuttall to those allegations, Nuttall ADMITS that a dog was shot by Comstock in October of 2015 as part of a

search warrant execution, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 477 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

478. To the extent the allegations contained in Paragraph 478 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to any of the allegations contained in Paragraph 478 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 478 of the Plaintiffs' First Amended Complaint—including Paragraph 478, 478.a., and 478.b.—and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

479. To the extent the allegations contained in Paragraph 479 of the Plaintiffs' First Amended Complaint are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in Paragraph 479 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 479 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## V.     VIOLATIONS OF LAW

### A.     Fourth and Fourteenth Amendments

501. To the extent the allegations contained in Paragraph 501 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in

Paragraph 501 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 501 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

502.     To the extent the allegations contained in Paragraph 502 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  For those allegations in Paragraph 502 of the Plaintiffs' First Amended Complaint that are directed towards him or to the extent a response is otherwise required of Nuttall to the allegations contained in Paragraph 502 of the Plaintiffs' First Amended Complaint, Nuttall DENIES the allegations in Paragraph 502 of the Plaintiffs' First Amended Complaint.  Further responding, Nuttall DENIES that he acted unreasonably or otherwise unlawfully in any manner or that he was the cause of any of the acts, potential injuries, or potential damages complained of by Plaintiffs in their First Amended Complaint.  Further responding, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 502 of the First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

503.     To the extent the allegations contained in Paragraph 503 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  For those allegations in Paragraph 503 of the Plaintiffs' First Amended Complaint that are directed towards him or to the extent a response is otherwise required of Nuttall to the allegations contained in Paragraph 503 of the Plaintiffs' First Amended Complaint, Nuttall DENIES the allegations in Paragraph 503 of the Plaintiffs' First Amended Complaint.  Further responding, Nuttall DENIES that he acted unreasonably or otherwise unlawfully in any manner or

that he was the cause of any of the acts, potential injuries, or potential damages complained of by Plaintiffs in their First Amended Complaint. Further responding, Nuttall is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 503 of the First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

504. To the extent the allegations contained in the first Paragraph 504 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in the first Paragraph 504 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first Paragraph 504 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

**B.      Municipal Liability**

1.      Based on Statutory Indemnification

504. To the extent the allegations contained in the second Paragraph 504 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him. To the extent a response is required of Nuttall to the allegations contained in the second Paragraph 504 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 504 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

2.      Based on an Unlawful Municipal Custom or Policy

505.    To the extent the allegations contained in Paragraph 505 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  To the extent a response is required of Nuttall to the allegations contained in Paragraph 505 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 505 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

506.    To the extent the allegations contained in Paragraph 506 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  To the extent a response is required of Nuttall to the allegations contained in Paragraph 506 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 506 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

507.    To the extent the allegations contained in Paragraph 507 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  To the extent a response is required of Nuttall to the allegations contained in Paragraph 507 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 507 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## VI.    DAMAGES AND EQUITY

### A.    Damages

601.    Nuttall DENIES the allegations contained in Paragraph 601 of the Plaintiffs' First Amended Complaint.

602.    Nuttall DENIES the allegations contained in Paragraph 602 of the Plaintiffs' First Amended Complaint.

### B.    Equity.

603.    Nuttall DENIES the allegations contained in Paragraph 603 of the Plaintiffs' First Amended Complaint.

## VII.    CONDITIONS PRECEDENT

701.    To the extent the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards Nuttall, no response is required from him.  To the extent a response is required of Nuttall to the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint, he is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

## VIII.    DEMAND FOR JURY TRIAL

702.    To the extent a response is necessary to Paragraph 702 of the Plaintiffs' First Amended Complaint, Nuttall ADMITS, based on the Plaintiffs' statement in their First Amended Complaint, that the Plaintiffs have demanded a trial by jury of all issues triable of right to a jury.

## IX.    PRAYER FOR RELIEF

801.    To the extent that a response is necessary, Nuttall DENIES Paragraph 801 of the Plaintiffs' First Amended Complaint.

802.    To the extent that a response is necessary, Nuttall DENIES Paragraph 802 of the Plaintiffs' First Amended Complaint.

803.     To the extent that a response is necessary, Nuttall DENIES Paragraph 803 of the Plaintiffs' First Amended Complaint.

804.    To the extent that a response is necessary, Nuttall DENIES Paragraph 804 of the Plaintiffs' First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Donald Nuttall ("Nuttall"), for his affirmative and other defenses to the Plaintiffs' First Amended Complaint states as follows:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted against Nuttall.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall because one or more of the Plaintiffs lack standing to bring some or all of their claims against Nuttall.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred in whole or in part against Nuttall because Nuttall is immune from liability under the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Nuttall are or may be barred in whole or in part against Nuttall to the extent Nuttall is immune from liability under the doctrine of discretionary immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall because the seizure of the dog was reasonable under the circumstances and therefore did not violate the Plaintiffs' rights under either the Fourth or Fourteenth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall to the extent any of Plaintiffs' claims against him are based on an alleged use of excessive force because Nuttall did not use excessive force and therefore did not violate the Plaintiffs' rights under either the Fourth or Fourteenth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall to the extent any of Plaintiffs' claims against him are based on an alleged use of excessive force and to the extent claims under the Fourth and Fourteenth Amendments cannot be sustained for an alleged use of excessive force against an animal.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall because the harms Plaintiffs allege and complain of were not caused by Nuttall and/or were caused by third parties other than Nuttall, to the extent they were caused at all.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall because he did not have any responsibility to plan for the Plaintiffs' dog during the execution of the search warrant on November 30, 2016, and they therefore seek relief against Nuttall for acts he had no duty to perform.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall because it was impossible for him to intervene and/or otherwise prevent the shooting of the Plaintiffs' dog and they therefore seek relief against Nuttall for acts he could not possibly perform.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall to the extent they seek to impose supervisory liability or vicarious liability on Nuttall in a manner not allowed or otherwise recognized under federal law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall to the extent that Plaintiffs did not have a legitimate possessory interest in their unlicensed dog and therefore was not protected by the Fourth Amendment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall to the extent they are not yet ripe.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is or may be barred, in whole or in part, to the extent that Plaintiffs have not proven punitive damages with the appropriate burden of proof and/or

to the extent that the award of punitive damages, if any, is disproportionate to the actual damages, if any, because either scenario would amount to a violation of the Fifth and Fourteenth Amendments.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall as a result of Plaintiffs' failure to take reasonable measures to mitigate, minimize or avoid damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against Nuttall by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

For the purposes of preservation only, Nuttall asserts those defenses identified in Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12(b) to the extent Nuttall becomes aware of facts demonstrating any of those defenses are available to it in addition to those Affirmative and Other Defenses already asserted herein.

## EIGHTHTEENTH AFFIRMATIVE DEFENSE

Nuttall reserves the right to raise other affirmative and other defenses as they become known during the course of litigation.

## NINETEENTH AFFIRMATIVE DEFENSE

Nuttall incorporates by reference into these Affirmative and Other Defenses any Affirmative or Other defense asserted by any other Defendant in their respective Affirmative and Other Defenses that are applicable to Nuttall and that are not otherwise already asserted herein.

WHEREFORE, Defendant Donald Nuttall ("Nuttall") prays for judgment as follows:

1.      Judgment in favor of Nuttall and against Plaintiffs dismissing their claims against

Nuttall and Nuttall as a party from this case with prejudice;

2.      An award to Nuttall of his attorneys' fees, costs and disbursements as allowable

under law; and

3.      An award to Nuttall of such other and further relief as the Court may deem just and

proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Nuttall hereby demands a trial by jury

on all issues so triable.

Dated this 5th day of July, 2018.

<div style="margin-left:40%">

MEISSNER TIERNEY FISHER & NICHOLS S.C.
By:____s/Michael J. Cohen_____
      Michael J. Cohen, Esq.
      State Bar No: 1017787
      mjc@mtfn.com
      Garrett A. Soberalski, Esq.
      State Bar No: 1088611
      gas@mtfn.com
      111 East Kilbourn Avenue, 19th Floor
      Milwaukee, WI 53202-6622
      Phone: (414) 273-1300
      Facsimile: (414) 273-5840

CITY ATTORNEY'S OFFICE, CITY OF RACINE
      Scott R. Letteney, City Attorney
      State Bar No: 1000559
      scott.letteney@cityofracine.org
      Nhu H. Arn, Assistant City Attorney
      State Bar No: 1068417
      nhu.arn@cityofracine.org
      730 Washington Avenue, Room 201
      Racine, WI 53403
      Phone: (262) 636-9115
      Facsimile: (262) 636-9570

</div>

**Attorneys for Defendants City of Racine, Sgt. Ryan Comstock, Inv. Chad Stillman, Inv. Donald Nuttall, and Sgt. Robert Thillemann, in their individual capacities.**