## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SARA AND JOSEPH HARMON,

       Plaintiffs,

                                    CASE NO. 18-CV-209-JPS

v.

CITY OF RACINE, SGT. RYAN
COMSTOCK, INV. CHAD STILLMAN,
INV. DONALD NUTTALL,
SGT. ROBERT THILLEMANN,
in their individual capacities,

       Defendants.

## DEFENDANT CITY OF RACINE'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant City of Racine (the "City"), by and through its attorneys, the City Attorney's Office for the City of Racine and Meissner Tierney Fisher & Nichols S.C., for its Answer and Affirmative and Other Defenses to the Plaintiffs' Sara and Joseph Harmon (the "Plaintiffs") First Amended Complaint (ECF No. 28), alleges and states as follows:

### I. NATURE OF ACTION

To the extent the statements contained in this section of Plaintiffs' First Amended Complaint are a narrative, call for a legal conclusion, or are not actually allegations, no response is necessary. To the extent a response is necessary, the City admits that the Plaintiffs seek the relief stated in this section of their First Amended Complaint, but denies that the Plaintiffs are entitled to any of the relief they seek from any of the Defendants, including but not limited to any relief they seek from the City.

1

## II. JURISDICTION AND VENUE

### A. Jurisdiction

201. To the extent the allegations contained in Paragraph 201 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at the City, no response is necessary. To the extent a response is necessary, the City admits that this Court has subject-matter jurisdiction over those parts of the Plaintiffs' First Amended Complaint that assert claims against it, subject to the Affirmative and Other Defenses raised in the Defendants' respective Answers that may potentially challenge this Court's subject-matter jurisdiction over some or all of the claims in this case, but the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 201 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

### B. Venue

202. To the extent the allegations contained in Paragraph 202 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed at the City, no response is necessary. To the extent a response is necessary, the City admits that venue is proper in the Eastern District of Wisconsin because the Plaintiffs' claims asserted in this case arose within the geographical boundaries of that federal judicial district.

### III. THE PARTIES

### A. Plaintiff

301. To the extent any of the allegations contained in the first Paragraph 301 of Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first Paragraph 301 of the Plaintiffs' First

Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

**B.    Defendants**

301.    To the extent any of the allegations contained in the second Paragraph 301 of Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City ADMITS that it is a Wisconsin unit of local government with the capacity to be sued in the United States District Court for the Eastern District of Wisconsin and that City Hall is located at 730 Washington Avenue, Racine, Wisconsin.  To the extent any allegations contained in the second Paragraph 301 remain unresponded to, the City DENIES those remaining allegations.

302.    To the extent any of the allegations contained in Paragraph 302 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary.  To the extent a response is necessary, the City ADMITS the allegations contained in Paragraph 302 of the Plaintiffs' First Amended Complaint.

303. To the extent the allegations contained in Paragraph 303 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City ADMITS the allegations contained in Paragraph 303 of the Plaintiffs' First Amended Complaint.

304. To the extent the allegations contained in Paragraph 304 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City ADMITS the allegations contained in Paragraph 304 of the Plaintiffs' First Amended Complaint.

305. To the extent the allegations contained in Paragraph 305 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City ADMITS the allegations contained in Paragraph 305 of the Plaintiffs' First Amended Complaint.

## IV.     ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.    The City ADMITS the allegations contained in Paragraph 401 of the Plaintiffs' First Amended Complaint.

402.    To the extent the allegations contained in Paragraph 402 of the Plaintiffs' First Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is necessary, the City ADMITS that Chad Stillman ("Stillman") knew as of November 28, 2016, and still knows, that a warrant violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard of the truth, makes untrue statements in a warrant request, or fails to include in the request statements that would negate probably cause to support the warrant. Further responding, the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 402 of the Plaintiffs' First Amended Complaint, and therefore DENIES the same and puts the Plaintiffs to their strict proof thereon. Further responding, the City DENIES the allegations in Paragraph 402 to the extent that they suggest Stillman knows that this conduct specifically violates the Fourth Amendment or that he violated anyone's Fourth Amendment rights in any manner.

403.    The City DENIES the allegations contained in Paragraph 403 of the Plaintiffs' First Amended Complaint.

404.    The City DENIES the allegations contained in Paragraph 404 of the Plaintiffs' First Amended Complaint.

405. The City DENIES the allegations contained in Paragraph 405 of the Plaintiffs' First Amended Complaint.

406. The City DENIES the allegations contained in Paragraph 406 of the Plaintiffs' First Amended Complaint.

407. The City DENIES the allegations contained in Paragraph 407 of the Plaintiffs' First Amended Complaint.

408. The City DENIES the allegations contained in Paragraph 408 of the Plaintiffs' First Amended Complaint.

409. The City DENIES the allegations contained in Paragraph 409 of the Plaintiffs' First Amended Complaint.

410. The City DENIES the allegations contained in Paragraph 410 of the Plaintiffs' First Amended Complaint.

411. Responding to Paragraph 411 of the Plaintiffs' First Amended Complaint, the City ADMITS that Stillman was part of the team that conducted the briefing regarding the search warrant, but DENIES the allegations contained in Paragraph 411 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Stillman was the only individual to conduct the briefing or provide information during it.

412. The City DENIES the allegations contained in Paragraph 412 of the Plaintiffs' First Amended Complaint.

413. The City ADMITS the allegations contained in Paragraph 413 of the Plaintiffs' First Amended Complaint.

414. The City DENIES the allegations contained in Paragraph 414 of the Plaintiffs' First Amended Complaint.

5

415.    The City ADMITS the allegations contained in Paragraph 415 of the Plaintiffs' First Amended Complaint.

416.    The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 416 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

417.    The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 417 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

418.    The City ADMITS the allegations contained in Paragraph 418 of the Plaintiffs' First Amended Complaint.

419.    The City DENIES the allegations contained in Paragraph 419 of the Plaintiffs' First Amended Complaint.

420.    The City ADMITS the allegations contained in Paragraph 420 of the Plaintiffs' First Amended Complaint.

421.    Responding to Paragraph 421 of the Plaintiffs' First Amended Complaint, the City ADMITS that Ryan Comstock ("Comstock") was armed with an M4 rifle issued to him by the City of Racine Police Department, but DENIES the remainder of the allegations contained in Paragraph 421 of the Plaintiffs' First Amended Complaint.

422.    The City DENIES the allegations contained in Paragraph 422 of the Plaintiffs' First Amended Complaint.

423.    The City ADMITS the allegations contained in Paragraph 423 of the Plaintiffs' First Amended Complaint.

424.     The City DENIES the allegations contained in Paragraph 424 of the Plaintiffs' First Amended Complaint.

425.     The City ADMITS the allegations contained in Paragraph 425 of the Plaintiffs' First Amended Complaint.

426.     The City ADMITS the allegations contained in Paragraph 426 of the Plaintiffs' First Amended Complaint.

427.     Responding to Paragraph 427 of the Plaintiffs' First Amended Complaint, the City ADMITS that Comstock did not shut the door to the bedroom, but DENIES the remainder of the allegations in Paragraph 427 of the Plaintiffs' First Amended Complaint, including any part of Paragraph 427 of the Plaintiffs' First Amended Complaint that suggests Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

428.     The City DENIES the allegations contained in Paragraph 428 of the Plaintiffs' First Amended Complaint.

429.     Responding to Paragraph 429 of the Plaintiffs' First Amended Complaint, the City admits Robert Thillemann ("Thillemann") prepared a Supplementary Report dated December 7, 2016 (the "Supplementary Report") following the execution of the search warrant on the Plaintiffs' residence and that Paragraph 429 of the Plaintiffs' First Amended Complaint accurately quotes a portion of that report, with noted alterations.  Further responding, the City affirmatively states that the Supplementary Report speaks for itself, and the City DENIES any part of Paragraph 429 or Plaintiffs' First Amended Complaint that mischaracterizes or are otherwise inconsistent with any part of that report.

430.     Responding to Paragraph 430 of the Plaintiffs' First Amended Complaint, the City ADMITS that Comstock fired three shots at the dog using his M4 rifle, but DENIES the remainder of the allegations contained in Paragraph 430 of the Plaintiffs' First Amended Complaint, including any part of Paragraph 430 of the Plaintiffs' First Amended Complaint that suggests Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

431.     The City DENIES the allegations contained in Paragraph 431 of the Plaintiffs' First Amended Complaint.

432.     Responding to Paragraph 432 of the Plaintiffs' First Amended Complaint, the City ADMITS that the dog did not bark, but DENIES the remainder of the allegations contained in Paragraph 432 of the Plaintiffs' First Amended Complaint.  Further responding, the City DENIES the allegations contained in Paragraph 432 of the Plaintiffs' First Amended Complaint, to the extent they allege or suggest that Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

433.     The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 433 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

434.     The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 434 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

435.     Responding to Paragraph 435 of the Plaintiffs' First Amended Complaint, the City ADMITS Comstock fired a fourth shot at the dog, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained

in Paragraph 435 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon. Further responding, the City DENIES the allegations contained in Paragraph 435 of the Plaintiffs' First Amended Complaint, to the extent they allege or suggest that Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

436. Responding to Paragraph 436 of the Plaintiffs' First Amended Complaint, the City ADMITS that Comstock fired a fifth shot at the dog in a humanitarian effort to end the animal's potential suffering, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 436 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon. Further responding, the City DENIES the allegations contained in Paragraph 436 of the Plaintiffs' First Amended Complaint to the extent they allege or suggest that Comstock acted unreasonably or unlawfully in any way, including but not limited to any allegation that he violated the Fourth Amendment.

437. The City DENIES the allegations contained in Paragraph 437 of the Plaintiffs' First Amended Complaint.

438. The City DENIES the allegations contained in Paragraph 438 of the Plaintiffs' First Amended Complaint.

439. Responding to Paragraph 439 of the Plaintiffs' First Amended Complaint, the City ADMITS Thillemann prepared the Supplementary Report following the execution of the search warrant on the Plaintiffs' residence and that Paragraph 439 of the Plaintiffs' First Amended Complaint accurately quotes a portion of that report, with noted alterations. Further responding, the City affirmatively states that the Supplementary Report speaks for itself and DENIES any part

9

of Paragraph 439 or Plaintiffs' First Amended Complaint that mischaracterizes or are otherwise inconsistent with any part of that report.

440.    Responding to Paragraph 440 of the Plaintiffs' First Amended Complaint, the City ADMITS that there were two individuals in the home at the time of the warrant execution that were not physically injured by any of the bullets he fired, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 440 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

441.    The City ADMITS the allegations contained in Paragraph 441 of the Plaintiffs' First Amended Complaint.

442.    The City ADMITS the allegations contained in Paragraph 442 of the Plaintiffs' First Amended Complaint.

443.    The City DENIES the allegations contained in Paragraph 443 of the Plaintiffs' First Amended Complaint.

444.    The City ADMITS the allegations contained in Paragraph 444 of the Plaintiffs' First Amended Complaint.

445.    The City ADMITS the allegations contained in Paragraph 445 of the Plaintiffs' First Amended Complaint.

446.    Responding to Paragraph 446 of the Plaintiffs' First Amended Complaint, the City ADMITS that Sergeant Bebow ("Bebow") of the Racine Police Department prepared a Weapons Discharge Review dated December 12, 2016 ("Weapons Discharge Review") describing the execution of the search warrant at the Plaintiffs' residence on November 30, 2016.  Further responding, the City DENIES the allegations in Paragraph 446 to the extent they misstate or

mischaracterize Bebow's statements in the Weapons Discharge Review. Further responding, the City DENIES the allegations contained in Paragraph 446 to the extent they allege or suggest that Bebow's conclusions in the Weapons Discharge Review were based on the facts as alleged in the Plaintiffs' First Amended Complaint, which do not accurately describe the events that occurred during the execution of the search warrant on the Plaintiffs' residence. Further responding, the City DENIES Paragraph 446 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests that the shooting of the Plaintiffs' dog was unlawful, to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing, or to the extent it alleges or suggests that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations in Paragraph 446 of the Plaintiffs' First Amended Complaint.

447. The City DENIES the allegations contained in Paragraph 447 of the Plaintiffs' First Amended Complaint.

448. The allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint are too vague for the City to formulate a response to as those allegations fail to limit "all the dogs that were shot" in scope or time, and therefore the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 448 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

449. The City DENIES the allegations contained in Paragraph 449 of the Plaintiffs' First Amended Complaint.

450. Responding to Paragraph 450 of the Plaintiffs' First Amended Complaint, the City ADMITS Melissa Hernandez filed a Citizen Complaint Form with the Racine Police Department

dated June 12, 2015 and as part of that Complaint was interviewed on June 29, 2015 by Lt. Chuck Weitzel (collectively the "Hernandez Complaint"). Further responding, the City ADMITS that the allegations in Paragraph 450 appear to summarize the nature of the Hernandez Complaint, but the City DENIES the allegations contained in Paragraph 450 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements or information contained in the Hernandez Complaint. Further responding, the City DENIES that Melissa Hernandez accurately described in the Hernandez Complaint the events that occurred during the search warrant that was executed on Melissa Hernandez's home and DENIES that any dogs were unreasonably shot during the execution of that warrant. Further responding, the City DENIES Paragraph 450 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 450 of the Plaintiffs' First Amended Complaint.

451. Responding to Paragraph 451 of the Plaintiffs' First Amended Complaint, the City ADMITS Melissa Hernandez was interviewed on June 29, 2015 by Lt. Chuck Weitzel (the "June 29 Interview") and that the allegations in Paragraph 451 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 451 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint. Further responding, the City DENIES that the statements summarized in Paragraph 451 of the Plaintiffs' First Amended Complaint accurately describe the events that occurred during the search warrant that was executed

on Melissa Hernandez's home and DENIES that any dogs were unreasonably shot during the execution of that warrant. Further responding, the City DENIES Paragraph 451 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 451 of the Plaintiffs' First Amended Complaint.

452. Responding to Paragraph 452 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 452 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 452 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint. Further responding, the City DENIES that any dogs present in Melissa Hernandez's home during the execution of the warrant on her house were unreasonably shot. Further responding, the City DENIES Paragraph 452 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 452 of the Plaintiffs' First Amended Complaint.

453. Responding to Paragraph 453 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 453 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 453 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the

June 29 Interview or the Hernandez Complaint.  Further responding, the City DENIES that the statements summarized in Paragraph 453 of the Plaintiffs' First Amended Complaint accurately describe the events that occurred during the search warrant that was executed on Melissa Hernandez's home and DENIES that any dogs were unreasonably shot during the execution of that warrant.  Further responding, the City DENIES Paragraph 453 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone.   The City DENIES any remaining allegations that may remain unresponded to in Paragraph 453 of the Plaintiffs' First Amended Complaint.

454.    Responding to Paragraph 454 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 454 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 454 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint.  Further responding, the City DENIES that the statements summarized in Paragraph 454 of the Plaintiffs' First Amended Complaint accurately describe the events that occurred during the search warrant that was executed on Melissa Hernandez's home and DENIES that any dogs were unreasonably shot during the execution of that warrant.  Further responding, the City DENIES Paragraph 454 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone.   The City DENIES any remaining allegations that may remain unresponded to in Paragraph 454 of the Plaintiffs' First Amended Complaint.

455.    Responding to Paragraph 455 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 455 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 455 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint.  Further responding, the City DENIES that the statements summarized in Paragraph 455 of the Plaintiffs' First Amended Complaint accurately describe the events that occurred during the search warrant that was executed on Melissa Hernandez's home and DENIES that any dogs were unreasonably shot during the execution of that warrant.  Further responding, the City DENIES Paragraph 455 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone.   The City DENIES any remaining allegations that may remain unresponded to in Paragraph 455 of the Plaintiffs' First Amended Complaint.

456.    Responding to Paragraph 456 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 456 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 456 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint.  Further responding, the City DENIES that the statements summarized in Paragraph 456 of the Plaintiffs' First Amended Complaint accurately describe the events that occurred during the search warrant that was executed on Melissa Hernandez's home and DENIES that any dogs were unreasonably shot during the execution of that

warrant. Further responding, the City DENIES Paragraph 456 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 456 of the Plaintiffs' First Amended Complaint.

457. Responding to Paragraph 457 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 457 of the Plaintiffs' First Amended Complaint that appear in quotations accurately quotes a direct statement made by Lieutenant Chuck Weitzel ("Weitzel") during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 457 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview. Further responding, the City DENIES the remaining allegations in Paragraph 457 of the Plaintiffs' First Amended Complaint. Further responding, the City DENIES that any dogs were unreasonably shot during the execution of the warrant executed on Melissa Hernandez's home. Further responding, the City DENIES Paragraph 457 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 457 of the Plaintiffs' First Amended Complaint.

458. Responding to Paragraph 458 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 458 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 458 of the Plaintiffs' First Amended

Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint. Further responding, the City DENIES that any dogs present in Melissa Hernandez's home during the execution of the warrant on her house were unreasonably shot. Further responding, the City DENIES Paragraph 458 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 458 of the Plaintiffs' First Amended Complaint.

459. Responding to Paragraph 459 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 459 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 459 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint. Further responding, the City DENIES that the statements summarized in Paragraph 459 of the Plaintiffs' First Amended Complaint accurately describe the events that occurred during the search warrant that was executed on Melissa Hernandez's home and that any dogs present in Melissa Hernandez's home during the execution of the warrant on her house were unreasonably shot. Further responding, the City DENIES Paragraph 459 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 459 of the Plaintiffs' First Amended Complaint.

460. The City DENIES the allegations contained in Paragraph 460 of the Plaintiffs' First Amended Complaint. Further responding, the City DENIES that any dogs were unreasonably shot during the execution of the warrant executed on Melissa Hernandez's home. Further responding, the City DENIES Paragraph 460 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 460 of the Plaintiffs' First Amended Complaint.

461. Responding to Paragraph 461 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 461 of the Plaintiffs' First Amended Complaint appear to summarize a statement made by Weitzel during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 461 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview. Further responding, the City DENIES the remaining allegations in Paragraph 461 of the Plaintiffs' First Amended Complaint. Further responding, the City DENIES that any dogs were unreasonably shot during the execution of the warrant executed on Melissa Hernandez's home. Further responding, the City DENIES Paragraph 461 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. Further responding, the City DENIES Paragraph 461 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests that Weitzel has responsibility for determining when a department policy has been violated beyond the particular facts of Melissa Hernandez's complaint. The City

DENIES any remaining allegations that may remain unresponded to in Paragraph 461 of the Plaintiffs' First Amended Complaint.

462. Responding to Paragraph 462 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 462 of the Plaintiffs' First Amended Complaint appear to summarize some statements made by Weitzel during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 462 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview. Further responding, the City DENIES those parts of the allegations in Paragraph 462 of the Plaintiffs' First Amended Complaint that allege Weitzel made the statements alleged in Paragraph 462 of the Plaintiffs' First Amended Complaint to Ms. Hernandez "prior to investigating it". Further responding, the City DENIES that any dogs were unreasonably shot during the execution of the warrant executed on Melissa Hernandez's home. Further responding, the City DENIES Paragraph 462 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 462 of the Plaintiffs' First Amended Complaint.

463. Responding to Paragraph 463 of the Plaintiffs' First Amended Complaint, the City ADMITS those parts of the allegations in Paragraph 463 of the Plaintiffs' First Amended Complaint that allege Weitzel stated during the June 29 Interview that the Racine policy is that if a dog is showing aggressive behavior, they can kill it. The City DENIES the remaining allegations in Paragraph 463 of the Plaintiffs' First Amended Complaint, and otherwise DENIES the allegations contained in Paragraph 463 of the Plaintiffs' First Amended Complaint to the extent

they misstate or mischaracterize any of the statements made during the June 29 Interview. Further responding, the City DENIES Paragraph 463 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 463 of the Plaintiffs' First Amended Complaint.

464. Responding to Paragraph 464 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 464 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Melissa Hernandez made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 464 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint. Further responding, the City DENIES that the statements summarized in Paragraph 464 of the Plaintiffs' First Amended Complaint accurately describe the events that occurred during the search warrant that was executed on Melissa Hernandez's home and DENIES that any dogs were unreasonably shot during the execution of that warrant. Further responding, the City DENIES Paragraph 464 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 464 of the Plaintiffs' First Amended Complaint.

465. Responding to Paragraph 465 of the Plaintiffs' First Amended Complaint, the City ADMITS that Investigator Villalobos was not interviewed as part of the investigation into the dog shooting at Melissa Hernandez's house, but DENIES the remainder of the allegations contained in

Paragraph 465 of the Plaintiffs' First Amended Complaint to the extent that they allege or suggest that the Racine Police Department did not conduct a thorough investigation into the complaint made by Melissa Hernandez, that the City violated anyone's rights, or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 465 of the Plaintiffs' First Amended Complaint.

466. Responding to Paragraph 466 of the Plaintiffs' First Amended Complaint, the City ADMITS that Weitzel prepared a Citizen Complaint Memorandum dated September 25, 2015 (the "Citizen Complaint Memorandum") in which he concluded the amount of force used during the execution of the warrant at Melissa Hernandez's residence was appropriate for the situation and that the use of deadly force against the dogs present in the home during the execution of that warrant was justified. Further responding, the City ADMITS Weitzel Department sent Melissa Hernandez a letter dated September 25, 2015 (the "Weitzel Letter") in which he stated that no violations or policy or procedure of the Racine Police Department were identified. Further responding, the City DENIES the allegations in Paragraph 466 to the extent they misstate or mischaracterize any of the statements or conclusions in the Citizen Complaint Memorandum or Weitzel Letter. Further responding, the City DENIES the allegations contained in Paragraph 466 to the extent they allege or suggest that Weitzel's conclusions in the Citizen Complaint Memorandum or Weitzel Letter were based on the facts as alleged in the Plaintiffs' First Amended Complaint. Further responding, the City DENIES Paragraph 466 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests that the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional

or otherwise, of anyone. The City DENIES any remaining allegations in Paragraph 466 of the Plaintiffs' First Amended Complaint.

467. Responding to Paragraph 467 of the Plaintiffs' First Amended Complaint, the City ADMITS that the allegations in Paragraph 467 of the Plaintiffs' First Amended Complaint appear to summarize some of the statements Weitzel made during the June 29 Interview, but the City DENIES the allegations contained in Paragraph 467 of the Plaintiffs' First Amended Complaint to the extent they misstate or mischaracterize any of the statements made during the June 29 Interview or the Hernandez Complaint. The City DENIES any remaining allegations that may remain unresponded to in Paragraph 467 of the Plaintiffs' First Amended Complaint.

468. The City DENIES the allegations contained in Paragraph 468 of the Plaintiffs' First Amended Complaint.

469. The City DENIES the allegations contained in Paragraph 469 of the Plaintiffs' First Amended Complaint.

470. Responding to Paragraph 470 of the Plaintiffs' First Amended Complaint, the City ADMITS that part of those allegations that allege that a Racine police officer shot a dog in November 2014 while the Racine Police Department was investigating a dispute between the neighbors, which started with one neighbor's alleged failure to pick up some dog feces, but the City DENIES the remaining allegations in Paragraph 470 of the Plaintiffs' First Amended Complaint. Further responding, the City DENIES the allegations contained in Paragraph 470 of the Plaintiffs' First Amended Complaint to the extent that it mischaracterizes or misstates the facts surrounding that particular dog shooting.

471. The City admits that the URL stated in Paragraph 471 of the Plaintiffs' First Amended Complaint leads to a Youtube video, but the City is without sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations contained in Paragraph 471 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

472.     The City ADMITS the allegations contained in Paragraph 472 of the Plaintiffs' First Amended Complaint to the extent that they refer to the dog shot by a member of the City of Racine Police Department on November 1, 2014.

473.     The City ADMITS ten or more complaints were filed with the Racine Police Department following the dog shooting described in Paragraph 470 of the Plaintiffs' First Amended Complaint, but the City DENIES the allegations in Paragraph 473 of the Plaintiffs' First Amended Complaint to the extent those allegations misstate or mischaracterize any of the complaints those allegations may reference.  Further responding, the City DENIES Paragraph 473 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone.

474.     Responding to Paragraph 474 of the Plaintiffs' First Amended Complaint, the City ADMITS that Bebow prepared a Memorandum titled Weapons Discharge 4000 Victory Avenue and dated November 18, 2014 ("Weapons Discharge Memorandum") describing the dog shooting involving the events described in Paragraph 470 of the Plaintiffs' First Amended Complaint. Further responding, the City DENIES the allegations in Paragraph 474 to the extent they misstate or mischaracterize Bebow's statements in the Weapons Discharge Memorandum.  Further responding, the City DENIES the allegations contained in Paragraph 474 to the extent they allege or suggest that Bebow's conclusions in the Weapons Discharge Memorandum was based on the facts as alleged in the Plaintiffs' First Amended Complaint.  Further responding, the City DENIES

Paragraph 474 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests that the shooting of the Plaintiffs' dog was unlawful or to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone. The City DENIES any remaining allegations in Paragraph 474 of the Plaintiffs' First Amended Complaint.

475. The allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint are too vague for the City to formulate a response to as it does not define who "these officers" are or which "friendly, non-threatening dogs" those allegations are referring to, and therefore the City is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 475 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

476. Responding to Paragraph 476 of the Plaintiffs' First Amended Complaint, the City admits Robert Ortiz prepared a Supplementary Report dated February 20, 2014 (the "Ortiz Supplementary Report") and that Paragraph 476 of the Plaintiffs' First Amended Complaint accurately quotes a portion of that report, with noted alterations. Further responding, the City affirmatively states that the Ortiz Supplementary Report speaks for itself, and the City DENIES any part of Paragraph 476 or Plaintiffs' First Amended Complaint that mischaracterizes or are otherwise inconsistent with any part of that report. Further responding, the City DENIES Paragraph 476 of the Plaintiffs' First Amended Complaint to the extent it alleges or suggests the City or any of its employees engaged in any wrongdoing or that the City has any custom, policy, or practice to violate any rights, constitutional or otherwise, of anyone.

477. Responding to Paragraph 477 of the Plaintiffs' First Amended Complaint, the City ADMITS that Comstock shot a dog in October of 2015 during the execution of a search warrant,

but DENIES the remainder of the allegations contained in that paragraph. Further responding, the City DENIES any part of Paragraph 477 that mischaracterizes or are otherwise inconsistent with any part of Comstock's report that was prepared following the dog shooting described in Paragraph 477 of the Plaintiffs' First Amended Complaint. Further responding, the City DENIES Paragraph 477 of the Plaintiffs' First Amended Complaint to the extent that it alleges or suggests that the shooting was unreasonable or that it violated any rights, constitutional or otherwise, of anyone.

478.  The City DENIES the allegations contained in Paragraph 478, including 478, 478.a. and 478.b., of the Plaintiffs' First Amended Complaint.

479.  Responding to Paragraph 479 of the Plaintiffs' First Amended Complaint, the City is without sufficient knowledge or information to form a belief as to the truth or falsity of that part of Paragraph 479 of the Plaintiffs' First Amended Complaint that alleges the Plaintiffs own a pet dog and reasonably fear for theirs and others' rights.  The City DENIES the remaining allegations in Paragraph 479 of the Plaintiffs' First Amended Complaint.

## V.    VIOLATIONS OF LAW

### A.    Fourth and Fourteenth Amendments

501.  The City DENIES the allegations contained in Paragraph 501 of the Plaintiffs' First Amended Complaint.

502.  The City DENIES the allegations contained in Paragraph 502 of the Plaintiffs' First Amended Complaint.

503.  The City DENIES the allegations contained in Paragraph 503 of the Plaintiffs' First Amended Complaint.

504.  The City DENIES the allegations contained in the first Paragraph 504 of the Plaintiffs' First Amended Complaint.

### B. Municipal Liability

1. Based on Statutory Indemnification

504. Responding to the second Paragraph 504 of the First Amended Complaint, the second Paragraph 504 of the First Amended Complaint calls for a conclusion of law and interpretation of a Wisconsin statute that is dependent on various unknown factors and further discovery in this case. Accordingly, the City DENIES the allegations contained in the second Paragraph 504 of the Plaintiffs' First Amended Complaint and puts Plaintiffs to their strict proof thereof.

2. Based on an Unlawful Municipal Custom or Policy

505. The City DENIES the allegations contained in Paragraph 505 of the Plaintiffs' First Amended Complaint.

506. The City DENIES the allegations contained in Paragraph 506 of the Plaintiffs' First Amended Complaint.

507. The City DENIES the allegations contained in Paragraph 507 of the Plaintiffs' First Amended Complaint.

### VI. DAMAGES AND EQUITY

### A. Damages

601. The City DENIES the allegations contained in Paragraph 601 of the Plaintiffs' First Amended Complaint.

602. The City DENIES the allegations contained in Paragraph 602 of the Plaintiffs' First Amended Complaint.

**B.     Equity.**

603.     The City DENIES the allegations contained in Paragraph 603 of the Plaintiffs' First Amended Complaint.

**VII.     CONDITIONS PRECEDENT**

701.     To the extent the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint call for a legal conclusion or are not directed towards the City, no response is required from it.  To the extent a response is required of the City to the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint, it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 701 of the Plaintiffs' First Amended Complaint and therefore, DENIES the same and puts the Plaintiffs to their strict proof thereon.

**VIII.    DEMAND FOR JURY TRIAL**

702.     To the extent a response is necessary to Paragraph 702 of the Plaintiffs' First Amended Complaint, the City ADMITS, based on the Plaintiffs' statement in their First Amended Complaint, that the Plaintiffs have demanded a trial by jury of all issues triable of right to a jury.

**IX.     PRAYER FOR RELIEF**

801.     To the extent that a response is necessary, the City DENIES Paragraph 801 of the Plaintiffs' First Amended Complaint.

802.     To the extent that a response is necessary, the City DENIES Paragraph 802 of the Plaintiffs' First Amended Complaint.

803.      To the extent that a response is necessary, the City DENIES Paragraph 803 of the Plaintiffs' First Amended Complaint.

804.    To the extent that a response is necessary, the City DENIES Paragraph 804 of the Plaintiffs' First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant City of Racine (the "City"), for its affirmative and other defenses to the Plaintiffs' First Amended Complaint states as follows:

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted against the City.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City because one or more of the Plaintiffs lack standing to bring all or some of their claims against the City.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred in whole or in part against the City because the City is immune from liability under any applicable immunity it may enjoy under the law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City because none of the acts, damages, or other relief Plaintiffs complained of were caused by any custom, practice, or policy of the City as defined under *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City because the seizure of the dog was reasonable under the circumstances and therefore did not violate the

Plaintiffs' rights under either the Fourth or Fourteenth Amendment of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent they seek punitive damages against the City as punitive damages are not available against a municipality, and therefore any judgment that Plaintiffs may obtain directly against the City on their *Monell* claim must be limited accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City to the extent that none of the City's agents or employees are found to be liable to the Plaintiffs as the City cannot be liable to Plaintiffs for any federal claim that its employees or agents are not liable to Plaintiffs for.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City to the extent those claims are based on an alleged use of excessive force and there was no use of excessive force as defined under either the Fourth or Fourteenth Amendment of the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City to the extent they rely on an alleged use of excessive force and to the extent claims under the Fourth and Fourteenth Amendments cannot be sustained for an alleged use of excessive force against an animal.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City to the extent that Plaintiffs did not have a legitimate possessory interest in their unlicensed dog and therefore was not protected by the Fourth Amendment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City to the extent they are not yet ripe.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City because of Plaintiffs' failure to take reasonable measures to mitigate, minimize or avoid damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, against the City by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

For the purposes of preservation only, the City asserts those defenses identified in Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12(b) to the extent the City becomes aware of facts demonstrating any of those defenses are available to it in addition to those Affirmative and Other Defenses already asserted herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

The City reserves the right to raise other affirmative and other defenses as they become known during the course of litigation.

Case 2:18-cv-00209-JPS   Filed 07/05/18   Page 30 of 32   Document 37

## SIXTEENTH AFFIRMATIVE DEFENSE

The City expressly preserves all rights and defenses to it under or relating to Wis. Stat § 895.46.

WHEREFORE, Defendant City of Racine (the "City") prays for judgment as follows:

1.      Judgment in favor of the City and against Plaintiffs dismissing their claims against the City and the City as a party from this case with prejudice;

2.      An award to the City of its attorneys' fees, costs and disbursements as allowable under law; and

3.      An award to the City of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), the City hereby demands a trial by jury on all issues so triable.

Dated this 5th day of July, 2018.

MEISSNER TIERNEY FISHER & NICHOLS S.C.
By:____s/Michael J. Cohen_____
        Michael J. Cohen, Esq.
        State Bar No: 1017787
        mjc@mtfn.com
        Garrett A. Soberalski, Esq.
        State Bar No: 1088611
        gas@mtfn.com
        111 East Kilbourn Avenue, 19th Floor
        Milwaukee, WI 53202-6622
        Phone: (414) 273-1300
        Facsimile: (414) 273-5840

CITY ATTORNEY'S OFFICE, CITY OF RACINE
Scott R. Letteney, City Attorney
State Bar No: 1000559
scott.letteney@cityofracine.org
Nhu H. Arn, Assistant City Attorney
State Bar No: 1068417
nhu.arn@cityofracine.org
730 Washington Avenue, Room 201
Racine, WI 53403
Phone: (262) 636-9115
Facsimile: (262) 636-9570

**Attorneys for Defendants City of Racine, Sgt. Ryan Comstock, Inv. Chad Stillman, Inv. Donald Nuttall, and Sgt. Robert Thillemann, in their individual capacities.**