UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SARA AND JOSEPH HARMON,
    Plaintiffs,

CASE NO. 18-CV-209-JPS

v.

CITY OF RACINE, SGT. RYAN
COMSTOCK, INV. CHAD STILLMAN,
INV. DONALD NUTTALL, AND
SGT. ROBERT THILLEMANN,
in their individual capacities,
    Defendants.

---

**ALL DEFENDANTS' RULE 7(h) MEMORANDUM IN OPPOSITION TO PLAINTIFFS' LOCAL RULE 7(h) MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH EXPERT DECLARATION**

---

Defendants City of Racine, Ryan Comstock, Chad Stillman, Donald Nuttall, and Robert Thillemann ("Defendants"), by their undersigned counsel, hereby file this Memorandum in Opposition to Plaintiffs' Motion for Leave to Supplement the Record With Expert Declaration (ECF No. 79, "Plaintiffs' Motion"), within seven days of service pursuant to Civil L.R. 7(h)(2).

The Plaintiffs' submission of James Crosby's expert report ("Expert Report") should be struck because it had two fatal flaws: (i) it was unauthenticated; and (ii) it was unsworn. (*See* ECF No. 61; *see also* ECF No. 75 at 1–3.) Plaintiffs now improperly attempt to cure these defects through their submission of the Declaration of James Crosby (ECF No. 79-1, "Declaration"), twenty-one days after the last possible date to file declarations in support of summary judgment. The Plaintiffs' Motion fails and should be denied for multiple reasons.

Initially, the Plaintiffs' cited authority does not change the fact that the Plaintiffs' original submission of the Expert Report was deficient. (*See* ECF No. 75 at 1–3.) While Rule 56 was

changed in 2010, the Seventh Circuit has held after that change that unsworn, unauthenticated expert reports are inadmissible evidence at summary judgment. *See Estate of Brown v. Thomas*, 771 F.3d 1001, 1005–06 (7th Cir. 2014).[1] Moreover, none Plaintiffs' cited cases overturn *Thomas*, none dealt with expert reports, and none dealt with evidence that was completely unauthenticated like the Expert Report. *See Jajeh v. County of Cook*, 678 F.3d 560, 567–68 (7th Cir. 2012) ; *Olson v. Morgan*, 750 F.3d 708, 714 (7th Cir. 2014); *Pullen v. House*, 88 F.Supp.3d 927, 931 & 932–33 (W.D. Wis. 2015). Finally, unlike the underlying evidence at issue in Plaintiffs' cited cases, expert reports are generally inadmissible at trial. S*ee, e.g.*, *Sommerfeld v. City of Chicago*, 254 F.R.D. 317, 328–29 (N.D. Ill. 2008).

Additionally, assuming they could do so on reply, the last date Plaintiffs could have filed the Declaration was November 14, 2018. (*See* Trial Scheduling Order, ECF No. 9, at 1); *see also* E.D. Wis. L.R. Civ. 56(b)(1)(D); 56(b)(2)(C) & 56(b)(3)(C) (combined, the deadlines to file declarations related to summary judgment were October 1, October 31, and November 14, 2018). Thus, Plaintiffs' Motion should be denied because it is an improper request for leave to extend the deadline to file declarations related to summary judgment after the deadline to do so expired. To obtain such relief, Plaintiffs must show that their failure to file the Declaration within the established deadlines was a result of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs have provided no reason why they failed to timely submit the Declaration, let alone any reason for their untimely filing that would satisfy Rule 6's excusable neglect standard.[2]

---

[1] Defendants informed Plaintiffs of *Thomas*, and Plaintiffs failed to bring it to this Court's attention or otherwise distinguish that case in the Plaintiffs' Motion. (*See* Declaration of Michael J. Cohen, ¶ 2, Ex. A.)

[2] Ironically, on December 1, 2009, Rule 56(c) was changed to, amongst other things, remove language that previously allowed an adverse party to file opposing affidavits up to the day before hearing, and Rule 56 no longer includes similar language. *Compare, e.g.,* Fed. R. Civ. P. 56(c) (2008) *with* Fed. R. Civ. P. 56 (2018). Now that Rule 56 no longer specifies the time for filing affidavits or declarations, Rule 6 naturally controls the analysis for declarations filed outside the deadlines set by a court's order or local rules. *See generally* Fed. R. Civ. P. 6. Plaintiffs cite no authority that Rule 6(b) does not now control belated declarations following the December 1, 2009

Finally, even if the Court was to allow Plaintiffs' belated attempt to correct their errors, the Declaration is insufficient to correct Plaintiffs' previous errors. Nowhere in the Declaration does the declarant state that the report attached at ECF No. 61 is a true and correct copy of the Expert Report. (*See* ECF No. 79-1.) Furthermore, nowhere in the Declaration does the declarant state that statements made in the Export Report are true and correct. (*See id.*) Thus, based on Plaintiffs' own cited authority, the statements made in the Declaration are insufficient to either authenticate the Export Report or swear to the truthfulness of the statements in that report. *See Estate of Williams v. Ind. State Police*, 26 F.Supp.3d 824, 838–39 (S.D. Ind. 2014), *aff'd sub nom. Williams v. Ind. State Police Dep't.*, 797 F.3d 468 (7th Cir. 2015). *Williams* noted:

> Plaintiffs' belated authenticate[d] reports did not cure the problem Defendants identified—namely, that the expert reports were unsworn. The declarations by Plaintiffs' experts stating that their previously filed expert reports were "true and accurate copies" of their reports, merely serves to authenticate the reports, and is not the same as swearing under the penalty of perjury that the statements made in the reports are true and correct. Because Plaintiffs' expert reports remain unsworn, they do not constitute admissible evidence that the Court may consider on summary judgment.

*Id.* (internal record and case cites omitted).

For these reasons, Defendants respectfully ask this Court to enter an order (i) denying Plaintiffs' Motion in its entirety; (ii) refusing to allow them to supplement the record with the Declaration of James Crosby (ECF No. 79-1); and (iii) granting the Defendants' original request that the Court strike from the record any reference to James Crosby's expert report for the purposes of its summary judgment analysis (*See* ECF No. 75 at 1–3.)

---

rule change. Tellingly, Plaintiffs only rely on cases that applied Rule 56 before the December 1, 2009 change to support their position that a court may accept a belated declaration in support of an expert report at summary judgment. As Plaintiffs highlight, *State Fin. Bank v. City of Milwaukee* was a 2006 case. While *Estate of Williams* was decided in 2014, it only cited an opinion that was filed on March 11, 2009 in a case that was filed in 2006, all before the December 1, 2009 rule change was in effect. *See Estate of Williams,* 26 F.Supp.3d at 838 (citing *Harpold v. Ethicon Endo–Surgery, Inc.,* No. 1:06-cv-1666, 2009 WL 688984, at *1 (S.D. Ind. March 11, 2009)). Moreover, *Williams* first noted that the belated declarations in that case were improper because they were not timely filed and did not consider them at summary judgment. *See id.* at 838.

3

Dated and respectfully submitted this 6th day of December 2018.

        MEISSNER TIERNEY FISHER & NICHOLS S.C.
By: /s/ Michael J. Cohen
    Michael J. Cohen, Esq.
    State Bar No: 1017787
    mjc@mtfn.com
    Garrett A. Soberalski, Esq.
    State Bar No: 1088611
    gas@mtfn.com
    111 East Kilbourn Avenue, 19th Floor
    Milwaukee, WI 53202-6622
    Phone: (414) 273-1300
    Facsimile: (414) 273-5840

CITY ATTORNEY'S OFFICE, CITY OF RACINE
    Nhu H. Arn Assistant City Attorney
    State Bar No: 1068417
    nhu.arn@cityofracine.org
    Scott R. Letteney, City Attorney
    State Bar No: 1000559
    scott.letteney@cityofracine.org
    730 Washington Avenue, Room 201
    Racine, WI 53403
    Phone: (262) 636-9115
    Facsimile: (262) 636-9570

**Attorneys for the City of Racine, Sgt. Ryan Comstock, Inv. Chad Stillman, Inv. Donald Nuttall, and Sgt. Robert Thillemann**